FAIRCHILD AIRCRAFT CORPORATION, PLAINTIFF *v.* UNITED STATES OF AMERICA, DEFENDANT, and THE UNITED STATES INTERNATIONAL TRADE COMMISSION, DEFENDANT, and EMPRESA BRASILEIRA DE AERONAUTICA, S. A., DEFENDANT-INTERVENOR

Court No. 82-11-01496

*Memorandum Opinion and Order*

(Dated April 15, 1983)

*Steptoe & Johnson* (*Richard O. Cunningham, W. George Grandison* and *Nina H. Questal* on the brief) for the plaintiff.

*J. Paul McGath,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch; *Michael H. Stein,* General Counsel for the United States International Trade Commission (*Michael H. Stein, Joel R. Junker, Jane Katherine Albrecht* and Gracia Bert on the brief) for the defendants, United States of America and United States International Trade Commission.

*Santarelli & Gimer* (Donald E. Santarelli, R. Alan Jones and *M. Stuart Madden* on the brief) for defendant-intervenor.

LANDIS, *Judge:* In this countervailing duty action plaintiff Fairchild Aircraft Corporation seeks judicial review of a negative preliminary determination by the International Trade Commission (ITC) in *Certain Commuter Airplanes from Brazil,* Inv. No. 701–TA–188, USITC Pub. 1292 (Sept. 1982), 47 Fed. Reg. 44166 (Oct. 6, 1982).

Defendant-Intervenor, Empresa Brasileira De Aeronautica, S. A. (EMBRAER), moves pursuant to Rule 26(c)(7) of this Court for an order releasing certain documents certified to this Court as the record below and described as *Confidential Documents Transmitted to the United States Court of International Trade, List No. 2.* Specifically EMBRAER seeks release of Document Nos. 1 (including Exhibits 12, 15 and 17), 2, 4, 5, 6 through 26, 28 and 29.

Both defendant and plaintiff oppose any unrestricted release of the confidential documents and, additionally, plaintiff cross-moves for a protective order.

Accordingly, upon reading defendant-intervenor's motion for release of certain confidential documents, defendants' opposition thereto, plaintiff's opposition and cross-motion for a protective order, reviewing the confidential documents in issue and all pleadings and papers on file, it is hereby,

ORDERED, that defendant-intervenor's motion and plaintiff's cross-motion be, and the same hereby are granted subject to the terms set forth below; and it is further

ORDERED, that the confidential documents numbered 1 (including Exhibits 12, 15 and 17), 2, 4, 5, 6 through 26, 28 and 29 on List No. 2, transmitted to the United States Court of International Trade in connection with the above captioned action, shall be available to counsel for defendant-intervenor for examination and copying at the office of the Clerk of the Court during the thirty (30) days following entry of this Order, subject to the terms and conditions specified below:

1. All of the information not previously made publicly available contained in the confidential documents in List No. 2, "Confidential Documents transmitted to the United States Court of International Trade," shall be considered confidential.

2. Except as otherwise provided in this Order, counsel for defendant-intervenor shall not disclose the confidential information to

anyone other than their immediate office personnel actively assisting in this litigation.

3. Counsel for defendant-intervenor and their immediate office personnel shall neither disclose nor use any of the confidential information for purposes other than this litigation (subject to continued safeguards to preserve confidentiality) any remand or appeal of this matter. Wherever used in this Order, the term "this litigation" shall be deemed to include remand or appeal resulting therefrom.

4. If in the opinion of defendant-intervenor's counsel, it becomes necessary to consult with experts independent of the industry involved in evaluating the confidential information, counsel will not contact such experts without first notifying and conferring with counsel for defendant United States and counsel for plaintiff concerning the suitability of such experts. If after seven days following notification of defendants' and plaintiff's counsel, counsel for the respective parties cannot agree upon a suitable expert, defendant-intervenor's counsel may submit the matter to the court for resolution. Such experts, once decided upon, shall agree not to disclose any of the confidential information to anyone other than to the counsel who consulted with them or that counsel's office personnel actively assisting in this litigation, and then for purposes of this litigation only; any experts so consulted shall first sign a statement submitting themselves to the jurisdiction of the Court of International Trade and such reasonable sanctions as the court may hold appropriate in the event of a breach of the conditions of this protective order by them.

5. In no event shall disclosure of confidential information be made to in-house counsel or other representatives, agents, or employees of defendant-intervenor or the interested parties.

6. Counsel for defendant-intervenor shall maintain a record of any and all copies of confidential information made, to whom they are provided and when they are returned. All such copies shall be clearly labelled as containing confidential information and that they are to be returned at the conclusion of this litigation.

7. Any documents, including briefs and memoranda, containing any of the confidential information, which are filed with the court in this case, shall be conspicuously marked as containing information which is not to be disclosed to the public, and arrangements shall be made with the Clerk of this Court to retain such documents under seal, permitting access only to the court, court personnel authorized by the court to have access, and counsel for the parties. Copies of all the foregoing documents, but with the confidential information deleted, shall be filed with the court at the same time that the documents containing the confidential information are filed.

8. Any briefs or memoranda containing confidential information shall be served upon the other parties in a wrapper conspicuously marked on the front "Confidential—to be opened only by the (the

name(s) of the attorneys handling the case)" and shall be accompanied by a separate copy with the confidential information has been deleted.

9. Upon conclusion of this litigation or any appeal or remand of this matter, counsel for defendant-intervenor and the interested parties shall (a) return all copies of the confidential documents obtained under this Order and the record required to be maintained under paragraph 6 above; and (b) destroy all other documents (including documents held by persons authorized under this Order to have access thereto) containing the confidential information.

10. Any reference to defendant-intervenor or defendant-intervenor's counsel herein shall include any other interested party who may subsequently be granted access to such documents under protective order.